IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00239-PAB-KLM

FRANKY L. SESSION,

    Plaintiff,

v.

VANESSA CARSON, Health Service Administrator,
LINDSEY E. FISH, Medical Doctor,
TEDDY L. LAURENCE, Physician Assistant,
TEJINDER SINGH, Physician Assistant,
ROBERT L. MANGUSO, Medical Doctor,
TIMOTHY R. BROWN, Medical Doctor, and
CORRECTIONAL HEALTH PARTNERS, Insurer, and
DOE 1, Correctional Officer,

    Defendants.
_____

# ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix ("the recommendation") filed on May 9, 2019 [Docket No. 145]. Magistrate Judge Mix recommends that the Court deny plaintiff's Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [Docket No. 63] (the "motion for injunction") and plaintiff's Second Motion for Leave to Amend Caption, Defendants' Names, and Section B of the Second Amended Complaint for Injunction Relief Only [Docket No. 97] (the "motion for leave to amend"). Plaintiff filed a "motion in opposition" to the recommendation, which the Court construes as a timely written objection. Docket No. 174.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiff's *pro se* status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

I. **BACKGROUND**

Plaintiff is a prisoner in the custody of the Colorado Department of Corrections ("CDOC").[1] Plaintiff initiated this lawsuit on January 30, 2018. Docket No. 1. The Court has construed the operative complaint, Docket No. 38, as asserting four claims pursuant to 42 U.S.C. § 1983:

> (1) Defendants Fish, Laurence, Singh, and Manguso have violated Plaintiff's Eighth Amendment rights. Since November 2014 Plaintiff has suffered from a large ventral hernia, a bullet over the lateral left 10th rib cage that eventually pulled free but caused infection, and a meniscus tear and cartilage damage to his left knee. Defendants Fish, Laurence, Singh, and Manguso have (1) disregarded Plaintiff's complaints of pain and suffering, (2) told him that X-rays did not show a hernia, (3) examined him for a hernia and told him they found nothing, (4) refused to provide pain medication, and (5) acknowledged his left knee was swollen but failed to refer Plaintiff to an orthopedic surgeon to evaluate his knee;
>
> (2) Defendant Correctional Health Partners, in violation of Plaintiff's Eighth Amendment rights, has created a policy or practice that limits, delays, or denies all initial requests for hernia specialist consultation for assessment, treatment plan, or surgery;

---

[1] Because the recommendation contains a detailed statement of the case and its procedural background, the Court discusses only the facts relevant to the resolution of plaintiff's objections.

> (3) Defendants Carson and Doe I, in violation of Plaintiff's First and
> Fourteenth Amendment rights, have willfully and wantonly obstructed and
> impeded his efforts to file a timely grievance under the DOC Offender
> Grievance Procedure; and
>
> (4) Defendant Brown has violated Plaintiff's Eighth Amendment rights
> because he knowingly repaired Plaintiff's large ventral hernia with a
> defective hernia mesh product, which has resulted in (1) Plaintiff suffering
> severe abdominal pain and discomfort, (2) two large lumps forming at the
> incision, (3) an increase in the size of the hernia, and (4) urination and
> bowel elimination issues.

Docket No. 40 at 2-3.

In the motion for injunction, plaintiff seeks a temporary restraining order and/or preliminary injunction against non-parties Jeff Archambeau ("Archambeau"), the chief executive officer of defendant Correctional Health Partners ("CHP"),[2] Rick Raemisch ("Raemisch"), the executive director of CDOC, and Michelle Nelson ("Nelson"), the director of CDOC's Clinical Services. *See* Docket No. 63; Docket No. 96 at 2-3. In the motion for leave to amend, plaintiff seeks to file a Third Amended Complaint [Docket No. 96], bringing in as defendants Archambeau, Raemisch, Nelson, CDOC, and Clinical Services, which plaintiff describes as "CDOC's health [c]are [p]rovider" (together, the "proposed defendants"). Docket No. 97.[3]

## II. MOTION FOR LEAVE TO AMEND

The Court turns first to plaintiff's motion for leave to amend. The magistrate judge concluded that "[p]laintiff's requested amendments are futile because he does not

---

[2] In its response to plaintiff's objections, CHP represents that Mr. Archambeau's first name is "Geoffrey." Docket No. 181 at 2 n.1.

[3] It is unclear to the Court whether "Clinical Services" is a separate entity from CDOC.

assert a single claim against any of the five proposed defendants" in the proposed amended complaint. Docket No. 145 at 5. Plaintiff objects to the magistrate judge's recommendation as to this motion. Docket No. 174 at 3-7.

The Court agrees with the recommendation. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). Plaintiff names the proposed defendants as defendants in a section of the complaint titled "defendants['] information," Docket No. 96 at 1-3, and he requests that the Court grant him injunctive relief by ordering the proposed defendants to take certain actions. *See, e.g.*, Docket No. 96 at 28, ¶ 3(l) (requesting that the Court order Raemisch and Clinical Services to preserve all "CDOC communications" related to plaintiff). However, none of plaintiff's ten claims are explicitly brought against any of the proposed defendants. *Compare id*. at 3 (stating that plaintiff's first claim is brought against defendant Lindsey E. Fish). Moreover, the proposed defendants are not mentioned in the factual allegations supporting plaintiff's claims. *See id*. at 3-26. Plaintiff's motion is clear that the only purpose of the amended complaint is to add the names of the proposed defendants in the caption and in the request for injunctive relief. *See* Docket No. 97 at 2, ¶ 4. As there are no factual allegations in the amended complaint that would entitle plaintiff to obtain relief against any of the proposed defendants, amendment of the complaint would be futile.

Plaintiff's objections are not persuasive. First, plaintiff argues that the recommendation improperly advocates on behalf of defendants because defendants

4

did not respond to plaintiff's motion. Docket No. 174 at 3-4. A permissive amendment to the complaint requires leave of court or written consent of the opposing party, *see* Fed. R. Civ. P. 15(a)(2), and "[t]he grant or denial of an opportunity to amend is within the discretion of the District Court." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff cites no authority for the proposition that it is defendants' burden to rebut a motion for leave to amend. Next, plaintiff argues that, because CHP has already filed an answer to the amended complaint, the Court should accept the amended complaint as filed. Docket No. 174 at 4. However, plaintiff's argument does not justify the addition of defendants against whom the amended complaint fails to state a claim. Moreover, given that the factual allegations in the amended complaint and operative complaint are identical, no party will be prejudiced by denying the motion for leave to amend. Finally, plaintiff argues that amendment is not futile because the proposed defendants, in their official capacity, are "in a position to frustrate . . . the [implementation] of a court order or the proper administration of justice." Docket No. 174 at 4-6. Plaintiff's assertions in his objections are not supported by any of the factual allegations in the amended complaint. *See* Docket No. 96.

Because plaintiff's amended complaint fails to state a claim against any of the proposed defendants, the Court agrees with the recommendation that the additional claims in the amended complaint are futile. Thus, the Court adopts the recommendation and denies the motion for leave to amend without prejudice.

## II. MOTION FOR INJUNCTION

The Court next addresses plaintiff's motion for injunction. The magistrate judge construed the motion for injunction as seeking both a temporary restraining order and a preliminary injunction against non-parties Archambeau, Raemisch, and Nelson. Docket No. 145 at 6-14. Plaintiff requests that the Court order Archambeau, Raemisch, and Nelson as follows:

> [1] [T]o provide a medically appropriate course of treatment and surgery for [plaintiff] designed to repair his large ventral hernia and left knee, designed to restore and maintain the full function of his upper, center, lower abdomen and left knee.
>
> [2] To up-load all [of Plaintiff's] medical documents in [its entirety] that has [sic] not been up-loaded into CDOC's Clinical Services inmate electronic medical file.
>
> [3] To adhere to and be bound by CDOC AR 850-04 grievance procedure.
>
> [4] To preserve all documents.
>
> [5] To stop and [refrain] from any further retaliatory, discriminatory actions towards [Plaintiff].
>
> [6] To stop disregarding, down playing, all [of Plaintiff's] verbal communications and submitted handwritten CDOC's "Request for Sick Call" medical kites and medical complaints.
>
> [7] To arrange for Mr. Brown['s] surgical report, CAT scan (CD) to all be gathered and sent to the new hernia specialist for proper consultation appointment.

Docket No. 63 at 16-18.

### A. Temporary Restraining Order

The magistrate judge concluded that plaintiff's request for a temporary restraining order failed on two grounds. Docket No. 145 at 6-8. First, the magistrate

6

judge held that plaintiff's declaration "failed to show that there is a threat of immediate and irreparable harm that is likely to occur before the opposing party/parties may be notified and heard." *Id*. at 7. Second, the magistrate judge held that plaintiff failed to show that he has attempted to serve Archambeau, Raemisch, and Nelson – the non-parties against whom he seeks an injunction – with the motion for injunction. *Id*. at 7-8.

The Court agrees with the recommendation that plaintiff failed to show that he has attempted to serve Archambeau, Raemisch, and Nelson. Rule 65(b)(1)(B) states that the Court may only issue an *ex parte* temporary restraining order if "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Plaintiff's declaration in support of the motion for injunction fails to describe "any efforts made to give notice" to Archambeau, Raemisch, and Nelson, and, in the alternative, fails to explain "why it should not be required." *Id*.; Docket No. 63 at 10-15. Although plaintiff objects on the grounds that Archambeau, Raemisch, and Nelson were "placed on notice of [plaintiff's] complaint," by service of the complaint on CDOC and CHP, *see* Docket No. 174 at 16-17, in the absence of any certification from plaintiff, the Court finds that plaintiff has failed to satisfy his burden under Rule 65(b)(1)(B). *See* 11A Mary Kay Kane, *Federal Practice & Procedure* § 2952 (3d ed. Aug. 2019 update) (noting that, "[b]ecause a temporary restraining order may be issued *ex parte*," the safeguards of Rule 65(b) "must be scrupulously honored"). Thus, the Court agrees with the recommendation and denies the motion for injunction to the extent it seeks a temporary restraining order.[4]

---

[4] Because the Court concludes that plaintiff failed to meet his burden pursuant to Rule 65(b)(1)(B), the Court does not reach plaintiff's objections to the magistrate

### B. Preliminary Injunction

The magistrate judge concluded that plaintiff's motion failed to demonstrate his entitlement to a preliminary injunction against non-parties Archambeau, Raemisch, and Nelson, Docket No. 145 at 8-14, and that plaintiff's request for "a medically appropriate course of treatment and surgery" for his medical issues did not "unequivocally" rise to the level of "imminent, irreparable harm." *Id*. at 11-13. The magistrate judge concluded that they "[did] not come close to meeting the 'certain, great, [and] actual' irreparable injury standard." *Id*. at 10-11 (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003)).

To succeed on a motion for a preliminary injunction, the moving party must demonstrate four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Plaintiff must make a "heightened showing of the four factors," *RoDa Drilling*, 552 F.3d at 1208, because he seeks a disfavored mandatory injunction – his requests for relief would

---

judge's conclusion that plaintiff also failed to meet his burden under Rule 65(b)(1)(A).

"alter the status quo" by requiring Archambeau, Raemisch, and Nelson to take affirmative actions. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1260 (10th Cir. 2005); *see also Free the Nipple-Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792, 797 (10th Cir. 2019) (holding that plaintiff must make a "strong showing" in order to obtain an injunction that "mandates action"). Further, plaintiff must show that this case presents "appropriate circumstances" for clearing the "heighten[ed] . . . hurdle" required to obtain an injunction against non-parties. *Andrews v. Andrews*, 160 F. App'x 798, 799-800 (10th Cir. 2005) (unpublished); *United States v. New York Telephone Co.*, 434 U.S. 159, 174 (1977).

Reviewed liberally, it appears that plaintiff has properly objected to the magistrate judge's recommendation denying plaintiff's request for an injunction "to provide a medically appropriate course of treatment and surgery" and "[t]o adhere to and be bound by [the] CDOC AR 850-04 grievance procedure." *See 2121 East 30th Street*, 73 F.3d at 1059.[5] As to plaintiff's request for medically appropriate treatment, plaintiff argues that he has demonstrated that he is "immediately in danger of sustaining

---

[5] As to plaintiff's other requests for injunctive relief, in the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the non-objected portions of the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Based on this review, the Court has concluded that these portions of the recommendation are a correct application of the facts and the law.

further injury." Docket No. 174 at 8.[6] Plaintiff further argues that his physical condition "carries the potential for further physical deterioration and physical damage due to the passing of time," *id.* at 10, and that "prompt orthopedic specialist attention can diminish" the pains in his left knee. *Id.* at 13.

The Court agrees with the recommendation. As an initial matter, given that "[t]he [C]ourt may issue a preliminary injunction only on notice to the adverse party," it appears that the Court cannot grant the requested preliminary injunction, as the injunction is sought against non-parties and there is no evidence that the non-parties have received proper notice. *See* Fed. R. Civ. P. 65(a)(1); *Wyandotte Nation v. Sebelius*, 443 F.3d 1247, 1252-53 (10th Cir. 2006) (holding that a district court abuses its discretion by entering an injunction without notice to the opposing party). Even assuming *arguendo* that the non-parties are on proper notice, plaintiff has failed to "clear[ly] and unequivocal[ly]" demonstrate that he would suffer irreparable harm in the absence of injunctive relief, particularly given the mandatory nature of his requested injunction. *See Beltronics*, 562 F.3d at 1070; *Schrier*, 427 F.3d at 1260. For example, plaintiff does not state in his supporting affidavit that any doctor or medical provider prescribed or otherwise indicated that plaintiff needed treatment to repair his hernia and

---

[6] Plaintiff repeatedly objects that the magistrate judge raised "defenses and issues" not presented by defendants or that defendants did not deny or dispute his allegations. *See, e.g.*, Docket No. 174 at 8, 10. As discussed above, it is plaintiff's burden to show that he is entitled to a preliminary injunction, not defendants' burden to show that plaintiff is not. *See, e.g.*, *RoDa Drilling*, 552 F.3d at 1208 ("To obtain a preliminary injunction, the moving party must demonstrate four factors . . . ."). Moreover, plaintiff fails to explain why named defendants' failure to respond to the motion for injunction, which is sought against non-parties, would have the effect of treating all of plaintiff's allegations and arguments as admitted by the non-parties.

knee.  *Compare* Docket No. 63 at 10-15, *with Edmisten v. Werholtz*, 287 F. App'x 728, 734 (10th Cir. 2008) (unpublished) (holding that plaintiff had shown irreparable harm where plaintiff made allegations that doctors prescribed a certain medical procedure and prison officials disregarded the doctors' prescriptions).  Similarly, plaintiff has not presented facts indicating that the likelihood that his medical condition will worsen is "both certain and great" as opposed to "merely serious or substantial."  *See Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001).  The Court is unable to conclude that plaintiff has made a "strong showing" that he will clearly and unequivocally suffer irreparable harm in the absence of an injunction directing defendants to provide him with "a medically appropriate course of treatment and surgery."  *See Free the Nipple*, 916 F.3d at 797; Docket No. 63 at 16-17.

As to CDOC's grievance procedure, plaintiff argues that he is not seeking a mandatory injunction because he seeks only to have "CDOC and its employees . . . be fully bound by" the procedural language in AR-850-04.  Docket No. 174 at 14.  Regardless of whether this particular request constitutes a disfavored mandatory injunction, the Court agrees with the recommendation that granting the request would be "little more than a general order directing the defendants to comply with the law," which is "insufficiently specific to merit injunctive relief."  *See Carbajal v. Warner*, 561 F. App'x 759, 762 (10th Cir. 2014) (unpublished); *cf. Vallario v. Vandehey*, 554 F.3d 1259, 1268 (10th Cir. 2009) ("Injunctions simply requiring a defendant to obey the law are generally too vague to satisfy Rule 65(d).") (internal quotations omitted).

11

As plaintiff's objections are not persuasive, the Court agrees with the recommendation and denies the motion for injunction to the extent it seeks a preliminary injunction.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 145] is accepted. It is further

**ORDERED** that Plaintiff's Motion in Opposition to Magistrate Judge Recommendations [ECF 145] [Docket No. 174], construed as an objection, is overruled. It is further

**ORDERED** that plaintiff's Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [Docket No. 63] is denied in part and denied without prejudice in part, as consistent with this order and the recommendation. It is further

**ORDERED** that plaintiff's Second Motion for Leave to Amend Caption, Defendants' Names, and Section B of the Second Amended Complaint for Injunction Relief Only [Docket No. 97] is denied in part.

DATED September 27, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge