IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00239-PAB-KLM

FRANKY L. SESSION,

    Plaintiff,

v.

VANESSA CARSON, Health Service Administrator,
LINDSEY E. FISH, Medical Doctor,
TEDDY L. LAURENCE, Physician Assistant,
TEJINDER SINGH, Physician Assistant,
ROBERT L. MANGUSO, Medical Doctor,
TIMOTHY R. BROWN, Medical Doctor, and
CORRECTIONAL HEALTH PARTNERS, Insurer, and
DOE 1, Correctional Officer,

    Defendants.

_____

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion Requesting Both Subpoena Duces Tecum to Be Served by Officers of the Court** [#280][1] (the "Motion"). Defendant Correctional Health Partners file a Response [#282] in opposition to the Motion [#280], and Defendants Vanessa Carson, Teddy L. Laurence, and Robert L. Manguso filed a separate Response [#283] in opposition to the Motion [#280].

### I. Background

Plaintiff filed this civil action on January 30, 2018. *See* [#1]. The Second Amended

---

[1] "[#280]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order and Recommendation.

-1-

Complaint [#38] was filed on August 23, 2018. Despite the age of this action, Plaintiff has to date been unable to serve Defendant Timothy Roland Brown ("Brown").

On September 25, 2018, the Colorado Department of Corrections ("CDOC") waived service of a summons in this case on behalf of certain Defendants but noted that it could not waive service on behalf of Defendant Brown because he was not a CDOC employee. Instead, Defendant Brown had merely provided contracted clinical services to CDOC. *See* [#43]. CDOC did not have a forwarding address for him.

On November 21, 2018, Plaintiff filed a motion providing a different address at which he asserted that the United States Marshals Service ("USMS") could serve Defendant Brown. *See* [#64]. On December 20, 2018, the Court granted Plaintiff's request and therefore directed service of this lawsuit on Defendant Brown at Surgery Specialist of Fremont County, 933A Sells Ave, Canon City, Colorado 81212. *See* [#87]. On May 7, 2019, the summons was returned unexecuted, with notations that "[t]he business at this address has closed" and that "[t]he current whereabout of Timothy Brown [is] unknown." *See* [#142].

On August 19, 2019, Plaintiff provided two additional "***possible***" addresses for Defendant Brown. *Reply* [#177] at 6 (emphasis in original). However, one was a post office box address, and neither Fed. R. Civ. P. 4(e)(2) nor Colo. R. Civ. P. 4(e) (as made applicable here through Fed. R. Civ. P. 4(e)(1)) permit service to be effected through either mailing or physically leaving documents at a post office box. Therefore, on November 13, 2019, the Court directed the USMS to attempt service on Defendant Brown "one last time" only at the one physical address provided by Plaintiff, an address located in Troy, Missouri. *Order* [#208] at 5. The request was issued to the USMS on November 15, 2019. *See*

[#210-1].

Service was effected on Timothy Brown at the Troy, Missouri address on January 28, 2020, but was not returned to the Clerk's Office for docketing until July 2, 2020, for unknown reasons. See [#244]. Plaintiff filed a Motion Requesting Clarification of Service of Process on Timothy R. Brown [#251] on July 16, 2020, after receiving notice of this return. Counsel for Defendants Vanessa Carson, Teddy Laurence, Robert Manguso, and Tejinder Singh filed a Response [#254] to the Motion for Clarification [#251], stating (along with a supporting Declaration [#254-1]):

> The undersigned counsel's paralegal, Denise Munger, located Timothy Brown who resides at 3420 Highway KK, Troy MO, and contacted him via telephone on July 14, 2020 regarding the return of service filed by the Marshall in the Franky Session v Carson lawsuit. Mr. Brown informed Ms. Munger that he was served with the lawsuit in January 2020 by a person in a black vehicle with blacked out windows. He further stated he is not a surgeon; has not lived in Colorado, except during his military service; he was never employed by or contracted with the Colorado Department of Corrections; and he does not know inmate Franky Session. Mr. Brown also informed Ms. Munger that he has had credit issues because of a Colorado surgeon named Timothy Brown and has spent a lot of time trying to fix his credit.
>
> Based on the information above and in the declaration of Denise Munger, the undersigned counsel believes the Marshall inadvertently served the wrong Timothy Brown and Doc. #244 is therefore invalid.

Response [#254] at 2 (citing Declaration of Munger [#254-1]).

On August 10, 2020, Plaintiff filed a Motion Requesting Extension of Time to Effect Service of Process on Timothy Roland Brown [#257]. Plaintiff appeared to concede that the Timothy Brown served in Troy, Missouri, is not the Timothy Brown named as a Defendant in this lawsuit, and based on the information before the Court, the Court found no reason to believe otherwise. See [#257] at 2; Order [#278] at 3. As a result, Plaintiff

asked for an extension of time in which to serve the correct Defendant Brown, stating that he could only obtain the correct service information by serving subpoenas duces tecum on Physician Health Partners ("employment agency") and on the Colorado Department of Regulatory Agencies ("DORA") ("medical licensure"), neither of whom are parties to this litigation. *See* [#257] at 2. On October 9, 2020, the Court granted Plaintiff's request to the extent that Plaintiff was ordered to complete two subpoenas duces tecum and return them to the Court asking permission for service on these two entities. *Order* [#278] at 5.

## II.  Plaintiff's Request to Issue Subpoenas

Fed R. Civ. P. 45 governs the Court's issuance of subpoenas to compel production or inspection of documents from non-parties. A subpoena may be issued by the Court, the Clerk of Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction. *See* Fed. R. Civ. P. 45(a)(2), (3); *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72 (1988). Thus, a pro se litigant who is not a licensed attorney may not issue subpoenas on his own. *See United States v. Meredith*, 182 F.3d 934, at *1 (10th Cir. 1999).

The Court has the "inherent power to protect anyone from oppressive use of process." *Windsor*, 175 F.R.D. 665, 670 (M.D. Ala. Nov. 14, 1997) (citing *Gregg v. Clerk of the U.S. Dist. Court*, 160 F.R.D. 653, 654 (N.D. Fla. 1995)). Thus, a party seeking service of process by the Court must demonstrate that "he has a clear, non-discretionary right to the issuance of subpoenas." *Gregg*, 160 F.R.D. at 654. As stated in *Windsor*, 175 F.R.D. at 672: "The Court is aware of the burden on . . . [third parties] when subpoenas duces tecum are served upon them."

Defendants Vanessa Carson, Teddy Laurence, and Robert Manguso filed a

Response [#283] regarding Plaintiff's request to serve a subpoena duces tecum on DORA. They noted that "DORA's website has a publicly available 'License Lookup' tool that provides a publicly accessible address for Dr. Brown," who was listed at 933A Sell Ave., Canon City, CO 81212. *Response* [#283] at 1-2. The Court has independently verified that the address on the DORA website is the same as Defendants state in their Response [#283]. However, as stated above, on December 20, 2018, the Court directed service of this lawsuit on Defendant Brown at this address, *see* [#87], but, on May 7, 2019, the USMS returned the summons unexecuted, with notations that "[t]he business at this address has closed" and that "[t]he current whereabout of Timothy Brown [is] unknown." *See* [#142]. Thus, Plaintiff has already attempted to serve Defendant Brown at the address known to DORA, and there is no indication that a subpoena duces tecum issued to DORA would provide any additional information. Thus, the Court finds that issuing such a subpoena to DORA would simply place an undue burden on this non-party, and the Motion [#280] is therefore **denied** to the extent Plaintiff asks the Court to serve a subpoena on DORA. *See Windsor*, 175 F.R.D. at 670, 672.

Defendant Correctional Health Partners filed a Response [#282] regarding Plaintiff's request to serve a subpoena duces tecum on Physician Health Partners. Defendant Correctional Health Partners states:

> Physician Health Partners is an affiliated entity of Correctional Health Partners. The undersigned counsel has contacted representatives of Physician Health Partners and Correctional Health Partners concerning the relationship of Timothy R. Brown to both organizations and whether either have his address. Dr. Brown is not affiliated with or contracted to either Physician Health Partners or Correctional Health Partners. Rather, he is a physician who was part of a network of physicians utilized by Correctional Health Partners. Further, neither Physician Health Partners nor Correctional Health Partners has any personal address for Dr. Brown. Accordingly,

> Physician Health Partners has no responsive information for the subpoena duces tecum Plaintiff seeks issued and served making the issuance and service of the subpoena deuces tecum unnecessary and inappropriate.

*Response* [#282] at 2. Based on this information provided by counsel as an officer of the Court, and given the Court's obligation to "protect anyone from oppressive use of process," *see Windsor*, 175 F.R.D. at 670, the Court finds that issuing a subpoena duces tecum to Defendant Physician Health Partners under these circumstances would be an undue burden on this non-party, and the Motion [#280] is therefore **denied** to the extent Plaintiff asks the Court to serve a subpoena on Physician Health Partners.

### III.  Defendant Brown's Status in This Lawsuit

Given that it appears that Plaintiff has exhausted all avenues in his attempts to serve Defendant Brown, the Court considers whether the sole claim against Defendant Brown should be dismissed pursuant to Fed. R. Civ. P. 41(b).  *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that a district court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to plaintiff's failure to prosecute).  As discussed below, the Court finds that it should be.

Typically, the Court is inclined to recommend dismissal without prejudice under circumstances such as these where a plaintiff has simply been unable to serve a particular defendant at the outset of the litigation process, because dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort."  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice for determination of willfulness).  In some

circumstances, however, dismissal without prejudice effectively serves as a dismissal with prejudice due to the statute of limitations. Here, Plaintiff's Eighth Amendment claim against Defendant Brown may be barred by the statute of limitations if dismissed here. *See Am. Compl.* [#38] at 24; *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) (stating that the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued).

The Court ultimately recommends dismissal without prejudice, as discussed below, and the Court typically need not examine the factors outlined in *Ehrenhaus v. Reynolds* where dismissal is without prejudice. *See Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) (stating that the *Ehrenhaus* analysis is not necessary where dismissal under Rule 41(b) is without prejudice). However, given that Plaintiff's claim against Defendant Brown may be barred by the statute of limitations, and given that dismissal of the claim may therefore act, at least in part, as dismissal with prejudice, the Court nevertheless examines the *Ehrenhaus* factors out of an abundance of caution.

In *Ehrenhaus*, 965 F.2d at 921, the Court of Appeals for the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action: "(1) the degree of actual prejudice to the defendant[s]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *See also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d

1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

### A. Prejudice to Defendants

After carefully reviewing the case file, the Court finds that Defendant Brown, who appears to have no notice of this lawsuit, has incurred no prejudice. However, the served Defendants have incurred prejudice by expending time and resources preparing filings in this case which stem directly from Plaintiff's unsuccessful and repeated attempts to serve Defendant Brown. *See, e.g.*, *Responses* [#282, #283]. While this prejudice to Defendants thus far has not been egregious, the Court finds that Defendants have incurred prejudice in the form of additional time and expense they would not have otherwise incurred.

In addition, this lawsuit was filed on January 30, 2018, and some Defendants have been served and waiting for this case to proceed for more than two years while Plaintiff attempts to serve all named parties. *See, e.g.*, [#43]. This type of extended delay prejudices Defendants' ability to fully litigate this lawsuit, given that lengthy delays of this nature allow "memories to fade and documents to disappear." *Trump v. Vance*, 140 S. Ct. 2412, 2430 (2020). Accordingly, the Court finds that this factor weighs in favor of dismissal of the claim against Defendant Brown.

### B. Interference with the Judicial Process

The Court finds that the effective administration of justice has necessarily been interfered with by the lengthy extensions provided to Plaintiff to give him every possible avenue to attempt to serve Defendant Brown. First, the Court has frequently needed to review the case file and has issued numerous orders in connection with Plaintiff's service attempts, which necessarily increases the workload of the Court and takes its attention away from other matters deserving of prompt resolution of their issues. *See, e.g.*, [#87,

#208, #278]. "This [Order and Recommendation] is a perfect example [of additional work created for the Court], demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006).

Second, Plaintiff's repeated failures to provide a working address at which to serve Defendant Brown have long delayed the start of discovery in this case which was filed on January 30, 2018. "The justice system is clogged as new cases arise while old cases are still on the dockets." *United States v. Lutcher*, No. 4:20-cr-00022-DN-DBP, 2020 WL 6434790, at *2 (D. Utah Nov. 2, 2020). Accordingly, the Court finds that this factor weighs in favor of dismissal of the claim against Defendant Brown.

### C.   Culpability of Plaintiff

Here, there is no doubt that Plaintiff has worked hard to find addresses at which the USMS could attempt to serve Defendant Brown. However, ultimately, while Fed. R. Civ. P. 4(c) requires that the Court effect service of the summons and complaint for plaintiffs proceeding in forma pauperis, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008). Despite Plaintiff's clearly hard work here, the Court finds that Plaintiff is culpable for failing to provide the Court with an address at which the USMS could serve Defendant Brown. Accordingly, the Court finds that this factor weighs in favor of dismissal of the claim against Defendant Brown.

### D.   Advance Notice of Sanction of Dismissal

Plaintiff is a seasoned pro se litigant, and, in this case alone, he has been warned multiple times that failure to provide an address at which the USMS could serve each

defendant would result in a recommendation to dismiss Plaintiff's action as to that defendant. *See, e.g.*, *Order to Show Cause* [#102] at 2; *Order to Show Cause* [#147] at 5-6 (specifically concerning Defendant Brown). Although Plaintiff is proceeding pro se, he is required to read and follow the rules and orders of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Thus, it should be no surprise to Plaintiff that his failure to provide an address at which Defendant Brown could be served could result in dismissal of his claim against Defendant Brown. Accordingly, the Court finds that this factor does not prevent a recommendation that Plaintiff's claim against Defendant Brown be dismissed.

### E.  Efficacy of a Lesser Sanction

Finally, the Court concludes that no sanction less than dismissal would be effective. Nothing in the record before the Court suggests that, if given more time, Plaintiff will be able to find information leading to an address at which the USMS can serve Defendant Brown. Thus, allowing a further opportunity to find such an address after nearly three years of failed attempts is likely to be ineffective. Further, a monetary sanction would be ineffective because it would bear no relationship to the issue at the heart of this Recommendation. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result. Accordingly, the Court finds that this factor weighs in favor of dismissal of the claim against Defendant Brown.

### IV.  Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#280] is **DENIED**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's claim against Defendant Brown

be **DISMISSED without prejudice** and that Defendant Brown be **dismissed** from this lawsuit.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: November 3, 2020

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge