IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  18-cv-00239-PAB-KLM

FRANKY L. SESSION,

      Plaintiff,

v.

VANESSA CARSON, Health Service Administrator,
LINDSEY E. FISH, Medical Doctor,
TEDDY L. LAURENCE, Physician Assistant,
TEJINDER SINGH, Physician Assistant,
ROBERT L. MANGUSO, Medical Doctor,
TIMOTHY R. BROWN, Medical Doctor,
CORRECTIONAL HEALTH PARTNERS, Insurer, and
GAYLE GRIBBLE,

      Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendant Gayle Gribble's ("Gribble") **Motion to Dismiss Plaintiff's Revised Second Amended Complaint [Doc. No. 38] Pursuant to Fed. R. Civ. P. 12(b)(6)** [#339][1] (the "Motion"), filed on December 23, 2021.  Defendant Gribble included a Certificate of Service in the Motion [#339], indicating service on Plaintiff, who proceeds as a pro se litigant,[2]  through his parole officer at a North Broadway

---

[1]  [#339] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2]  The Court must construe liberally the filings of a pro se litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (*citing Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  In addition, a pro se litigant

address in Denver.  *Motion* [#339] at 9.  Plaintiff did not file a Response to the Motion [#339] and did not seek an extension of time in which to do so.  On January 25, 2022, after the 21-day period permitted for responses had passed, *see* D.C.COLO.LCivR 7.1(d), Plaintiff filed a Notification of Change of Address [#341], asking the Court to change his address to one on Leetsdale Drive in Denver.  On February 2, 2022, Defendant Gribble filed a Notice Regarding Motion to Dismiss [#342], observing that Plaintiff had not timely responded to her Motion [#338].  This Notice [#342] included a Certificate of Service on Plaintiff at his new Leetsdale Drive address.

The deadline for Plaintiff to file a Response to the Motion [#339] has long passed. Plaintiff, although proceeding pro se, is a seasoned litigator in the District of Colorado and is familiar with the Local Rules.  *See, e.g.*, *Session v. Clemings*, 14-cv-02406-PAB-KLM; *Session v. Wargo*, 19-cv-01046-PAB-KLM; *Session v. Franco*, 19-cv-03161-PAB-KLM. There is no indication that Plaintiff did not receive the Motion [#339] or the Notice [#342], and no Court filings have been returned as undeliverable from the addresses he provided. Thus, the Court proceeds to adjudicate the Motion [#339] without the benefit of a Response from Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1(c), the Motion [#339] has been referred to the undersigned for a recommendation regarding disposition. *See* [#340].  The Court has reviewed the Motion [#339], the entire case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#339] be **GRANTED**.

---

must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## I. Background[3]

At all times relevant to the events underlying this lawsuit, Defendant Gribble worked as a correctional officer at the Arkansas Valley Correctional Facility ("AVCF") of the Colorado Department of Corrections ("CDOC"), where Plaintiff was incarcerated. *See Second Am. Compl.* [#38]. Plaintiff asserts that he suffered from various medical issues while held at AVCF. *See id.* In short, Plaintiff alleges that Defendant Gribble failed to timely scan, log, route, or forward two grievances concerning his serious medical issues.[4] *Id.* at 22-24.

Specifically, Plaintiff alleges that, pursuant to CDOC AR 850-04(IV)(C)(9), (IV(C)(7), and (IV)(F)(1)(b), Defendant Gribble:

> was responsible for 'ensuring the she/he utilize the electronic grievance datebase available on PCDCIS to scan and input required information daily upon receipt of each Step 1, 2, and 3 grievance[,] . . . ensuring all offenders step 1, 2, 3 grievances receive are scanned and logged into CDOC's electronic grievance database[,] . . . ensuring all offenders step 1, 2, 3 grievances are routed and forwarded in a timely manner to the places they need to go[,] . . . [and] ensuring all offenders step 1, 2, 3 grievance written responses with electronic signature be returned to the offender within 25 Calendar days.

*Id.* at 22 (all grammar and spelling as in original). Between November of 2015 and December of 2016, Plaintiff alleges that he "timely submitted multiple step 1 and 2

---

[3] All well-pled facts from the Second Amended Complaint [#38] are accepted as true and viewed in the light most favorable to Plaintiff as the nonmovant. *Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015).

[4] In the Second Amended Complaint [#38], Plaintiff makes these allegations against "Jane Doe 1." The Court has since ordered that all references to "Jane Doe 1" in the Second Amended Complaint [#38] shall be deemed to refer to "Gayle Gribble." *See Order* [#336].

grievances to his case manager at AVCF."[5]   *Id.*   Plaintiff alleges that "Grievance C-AV15/16-00095086-2, was not timely scanned and logged into CDOC's electronic grievance database."[6]   *Id.* at 23.   Plaintiff also alleges that "Grievance C-AV15/16-00095086-3 was not (1.) timely scanned and logged into CDOC's electronic grievance database, (2.) routed and forwarded in a timely manner to CDOC's Step 3 Grievance Officer for investigation, response and possible remedy."  *Id.*

Plaintiff further alleges that as a result of Defendant Gribble's purported failure to comport with CDOC AR 850-04(IV)(C)(9), (IV)(C)(7), and (IV)(F)(1)(b), he was:

> procedural deprived of (1). respectfully express his views and complaints through all (three) levels of CDOC's Institutional Grievance Policy without obstruction and impediment, (2). ensured that she/he utilize the electronic grievance datebase available on PCDCIS to scan and input required information daily upon receipt of each Step 1, 2, and 3 grievance, (3). ensured all Plaintiff step 1, 2, 3, grievances receive are scanned and logged into CDOC's electronic grievance database, (4). ensured all Plaintiff's step 1, 2, 3 grievances are routed and forwarded in a timely manner to the places they need to go, (5). ensured all Plaintiff's step 1, 2, 3 grievance written responses with electronic signature be returned to the offender within 25 Calendar days.

*Id.* (all grammar and spelling as in original).

On January 30, 2018, Plaintiff filed this lawsuit.  *See* [#1].  On August 23, 2018, Plaintiff filed the Second Amended Complaint [#38], asserting a § 1983 action.  Plaintiff contends that Defendant Gribble's conduct constituted a violation of the First and

---

[5]  Plaintiff lists at least nine separate grievances he submitted concerning alleged serious medical issues, stating that they were all "returned to Plaintiff after the allotted 25 Calendar days."  *Second Am. Compl.* [#38] at 23.

[6]  Plaintiff includes Grievance C-AV15/16-00095086-2 in the list of grievances he states were all returned after 25 calendar days.  It appears Plaintiff's allegations are not entirely internally consistent, but viewing the allegations most favorably to Plaintiff, the Court construes Plaintiff's allegations to be that Grievance C-AV15/16-00095086-2 was returned to Plaintiff but not logged into CDOC's electronic grievance database.

Fourteenth Amendments of the United States Constitution.  Specifically, Plaintiff asserts in Claim 8 that "Defendant [Gribble] violated Plaintiffs [sic] 14th Amendment rights of the United States Constitution."  *Second Am. Compl.* [#38] at 22.  Plaintiff also asserts in Claim 8 that Defendant Gribble violated "Plaintiff's 14th Amendment United States Constitutional Right to Free Speech and to freely Petition the Government for Redress of Grievances."  *Id.* at 23.  Plaintiff asserts in Claim 9 that "Defendant [Gribble] violated Plaintiffs [sic] 1st Amendment rights of the United States Constitution to free speech and to freely Petition the Government for Redress of Grievances."  *Id.* at 23.

In the present Motion [#339], Defendant Gribble contends that (1) Claim 8 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because "Plaintiff has no liberty interest in filing a grievance," (2) Claim 9 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because "Plaintiff has failed to allege a violation of his right to access to the courts and cannot state an actual injury," and (3) Defendant Gribble is "entitled to qualified immunity." *Motion* [#339] at 2.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted.").  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State Sch. for the Deaf & Blind*, 17 F.3d 1226, 1236

(10th Cir. 1999) (citation omitted).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."  *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] [ ] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a).  *Iqbal*, 556 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

## III.  Analysis

Plaintiff's claims against Defendant Gribble stem from the same set of facts, presenting nearly identical allegations in Claims 8 and 9.  In Claim 8, however, Plaintiff

first asserts that Defendant Gribble "violated Plaintiffs [sic] 14th Amendment rights of the United States Constitution," and shortly thereafter asserts that Defendant Gribble violated "Plaintiff's 14th Amendment United States Constitutional Right to Free Speech and to freely Petition the Government for Redress of Grievances." *Second Am. Compl.* [#38] at 22-23.   In Claim 9, Plaintiff asserts that Defendant Gribble "violated Plaintiffs [sic] 1st Amendment rights of the United States Constitution to free speech and to freely Petition the Government for Redress of Grievances." *Id.* at 23.   The Court is unable to discern whether Plaintiff made a typographical error and intended to assert a due process violation rather than a free speech and petition violation in Claim 8.   Thus, the Court evaluates Claim 8 under both the First Amendment and the Fourteenth Amendment. Because Plaintiff uses a duplicate set of facts to support Claims 8 and 9, the Court addresses the claims together in the First Amendment analysis.

Defendant Gribble contends that she is entitled to qualified immunity regarding Claims 8 and 9.   Qualified immunity, in certain circumstances, protects government officials from litigation when they are sued in their individual capacities. *See, e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800, 814-18 (1982).   A government official is entitled to qualified immunity from liability for civil damages when her allegedly unlawful conduct did not violate any of the plaintiff's statutory or constitutional rights that (1) were "clearly established" at the time of the conduct, and (2) would have been known to a reasonable person in the official's position. *Harlow*, 457 U.S. at 818.   A government official is entitled to qualified immunity in "[a]ll but the most exceptional cases." *Harris v. Bd. of Educ. of Atlanta*, 105 F.3d 591, 595 (11th Cir. 1997).

The threshold inquiry is whether the facts taken in the light most favorable to the plaintiff sufficiently allege a constitutional violation. *Saucier v. Katz*, 553 U.S. 194, 201 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* However, "if a violation could be made out on a favorable view of the parties' submissions," a court must "ask whether the right was clearly established." *Id.*; *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that although qualified immunity determination involves a two-part inquiry, if plaintiff fails either inquiry reviewed in any order, no further analysis need be undertaken and qualified immunity is appropriate).

## A.    Claims 8 and 9: First Amendment

Plaintiff's claims against Defendant Gribble stem from her failure to timely scan, log, route, or forward two grievances concerning Plaintiff's medical issues. According to Plaintiff, Defendant Gribble impeded his ability to express his views and complaints, violating his right to free speech and to freely petition the government for a redress of grievances under the First Amendment.

In Plaintiff's Second Amended Complaint [#38], Plaintiff does not make clear whether he is asserting a violation of his right to free speech separate from a violation of his right to freely petition the government for a redress of grievances. Plaintiff also does not reference any violation of his right to free speech apart from any violation of his right to petition the government for redress of grievances. Read plainly, "the First Amendment separates the Petition Clause from the Free Speech Clause." *Martin v. City of Del City*, 179 F.3d 882, 887 (10th Cir. 1999). However, "[t]he right to petition is cut from the same cloth as the other guarantees of [the First] Amendment, and is an assurance of a particular

freedom of expression." *McDonald v. Smith*, 472 U.S. 479, 482 (1985).  Because the Court is not aware of any legal authority that requires a separate analysis, the Court examines Plaintiff's First Amendment claim according to the alleged violation of his right to freely petition the government for redress of grievances.

The Tenth Circuit has held that a "prisoner's right to petition the government for redress is the right of access to the courts," rather than the right to participate in state grievance procedures.  *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (internal citation and quotation marks omitted).  The right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  "Any alleged deprivation of the prison grievance process . . . fail[s] to implicate [a plaintiff's] right of access to the courts."  *Boyd*, 443 F. App'x at 332.

Defendant Gribble argues that "[b]ecause Plaintiff's First Amendment rights were not implicated by [her] alleged failure to timely scan, log, forward, or route his grievances, his claim fails."  *Motion* [#339] at 6.  In Plaintiff's Second Amended Complaint [#38], Plaintiff does not allege any facts that could support a theory that Defendant Gribble violated his right of access to the courts.  Plaintiff makes only conclusory allegations that Defendant Gribble "obstructed and impeded Plaintiff's good-faith efforts to timely participate in CDOC Offender Grievance Procedure . . . to allow Plaintiff to respectfully express his views and complaints."  *Second Am. Compl.* [#38] at 23.  Although unclear, Plaintiff appears to also conclusorily allege that he was deprived of the assurance that

Defendant Gribble would fulfill her job responsibilities.  *Id.* at 23-24.  These allegations do not implicate Plaintiff's right of access to the courts.

Moreover, "[w]hen prison officials block a prisoner's access to the grievance process, the administrative remedies are not 'available' to the prisoner and, therefore, do not need to be exhausted" prior to initiating a § 1983 action.  *Fogle v. Infante*, No. 14-cv-01021-BNB, 2014 WL 11878136, at *1 (D. Colo. May 14, 2014) (internal citation omitted). It is unclear whether Defendant Gribble's alleged mishandlings of the two grievances effectively blocked Plaintiff's access to the grievance process as it relates to the medical concerns addressed in those grievances.  It is also unclear whether Plaintiff could have proceeded to the next step in the grievance process pursuant to CDOC AR 850-04(IV)(F)(1)(e) after the time limit expired for the case manager to respond.  Nonetheless, even viewing the administrative remedies as unavailable, Plaintiff does not include in his Second Amended Complaint [#38] any mention of how Defendant Gribble's alleged mishandling of the grievances could have impeded his access to the courts.  Because Plaintiff does not explain whether Defendant Gribble blocked his access to the grievance process or how her purported actions have impeded his access to the courts, Plaintiff has not adequately alleged a First Amendment violation.  *See Fogle*, 2014 WL 11878136, at *1.

Even assuming Plaintiff adequately alleged a violation of a constitutional right, Plaintiff still does not demonstrate an actual injury stemming from that violation.  "[A] prisoner must demonstrate actual injury from interference with his access to the courts— that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement."  *Gee v. Pacheco*,

627 F.3d 1178, 1191 (10th Cir. 2010).  Plaintiff does not assert an actual injury in his Second Amended Complaint [#38].  Plaintiff makes only conclusory statements regarding Defendant Gribble's failure to adhere to the prison grievance procedures, arguing that he was procedurally deprived of his ability to express his views and complaints, and the assurance that Defendant Gribble would fulfill her job responsibilities.  *Second Am. Compl.* [#38] at 23-24.  Plaintiff does not attribute any alleged injuries from his other claims in the Second Amended Complaint [#38] to Defendant Gribble's alleged mishandlings.

Finding that no constitutional violation has sufficiently been alleged, the Court concludes that Defendant Gribble is entitled to qualified immunity.  *See Harlow*, 457 U.S. at 818.  Accordingly, the Court recommends that the Motion [#339] be **granted** and that Plaintiff's Claims 8 and 9 be **dismissed with prejudice** to the extent they are asserted under the First Amendment.  *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (stating that prejudice should attach to a dismissal when plaintiff has not made allegations "which upon further investigation and development, could raise substantial issues").

B.    **Claim 8: Fourteenth Amendment**

Under the same set of facts as the First Amendment claims, Plaintiff asserts that Defendant Gribble "refused and failed to strictly adhere to" the grievance procedures and their "explicit mandatory procedural language," arguing that Defendant Gribble violated Plaintiff's Fourteenth Amendment rights.

The Fourteenth Amendment guarantees that "no state shall deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  Due

process "encompasses two distinct forms of protection: (1) procedural due process, which requires a state to employ fair procedures when depriving a person of a protected interest; and (2) substantive due process, which guarantees that a state cannot deprive a person of a protected interest for certain reasons." *Harjo v. City of Albuquerque*, 326 F. Supp. 3d 1145, 1185 (D.N.M. 2018).

Although Plaintiff asserts that Defendant Gribble violated the procedural language of the grievance procedures, the Court cannot discern whether Plaintiff may be attempting to assert both procedural and substantive due process claims, given that Plaintiff does not reference due process throughout Claim 8.   However, both procedural and substantive due process claims require that the plaintiff assert a legally protected interest; here, a liberty interest as alleged by Plaintiff.   Thus, "[i]n order to determine whether a due process violation has occurred, the Court must first address whether [the] allegations establish that [the plaintiff has] a protected liberty interest." *Allen v. Clements*, 930 F. Supp. 2d 1252, 1264 (D. Colo. 2013).   "In the prison context, the due process clause safeguards 'only a narrow range of protected liberty interests.'" *Id.* (quoting *Rezaq v. Nalley*, 677 F.3d 1001, 1011 (10th Cir. 2012)).

Plaintiff does not have a protected liberty interest in a grievance procedure.   "There is no independent constitutional right to state administrative grievance procedures . . . [n]or does the state's voluntary provision of an administrative grievance process create a liberty interest in that process." *Boyd*, 443 F. App'x at 332.  *See Anderson v. Colo. Dep't of Corr.*, No. 98-1477, 1999 WL 387163, at *2 (10th Cir. June 14, 1999) ("Allegations relating to the requirements of the Department of Corrections grievance procedure do not support a due process claim because those procedures do not create any liberty interest

in the incarcerated petitioner."); *see also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding that a prison grievance procedure is a procedural right only and does not give rise to a protected liberty interest).  Thus, the Court does not reach whether Plaintiff intended to assert either procedural or substantive due process claims, or both, because Defendant Gribble's alleged mishandling of Plaintiff's grievances does not give rise to a constitutional violation.  Plaintiff fails to establish a protected liberty interest, and therefore fails to state a claim related to a violation of due process.  Because Plaintiff does not assert any other explanation for how his right to due process has been violated, Plaintiff has not stated a claim on which relief may be granted.  *See Chand v. Corazon Med.*, No. CIV 18-0726, 2019 WL 1239310, at *7 (D.N.M. Mar. 18, 2019) ("To the extent, therefore, that [plaintiff] complains that his grievances were improperly handed in violation of his right to due process, he has not stated a claim upon which relief may be granted.").

Therefore, the Court concludes that has Plaintiff failed to state a due process claim, and that Defendant Gribble is entitled to qualified immunity.  *See Harlow*, 457 U.S. at 818. Accordingly, the Court recommends that the Motion [#339] be **granted** and that Plaintiff's Claim 8 be **dismissed with prejudice** to the extent it is asserted under the Fourteenth Amendment.  *See Reynoldson*, 907 F.2d at 127.

### IV.  Conclusion

For the reasons stated above,

IT IS HEREBY **RECOMMENDED** that the Motion [#339] be **GRANTED** and that Claims 8 and 9, the only claims asserted against Defendant Gribble, be **DISMISSED with prejudice**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.   *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  June 13, 2022

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge