IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00239-PAB-KLM

FRANKY L. SESSION,

    Plaintiff,

v.

VANESSA CARSON, Health Service Administrator,
LINDSEY E. FISH, Medical Doctor,
TEDDY L. LAURENCE, Physician Assistant,
TEJINDER SINGH, Physician Assistant,
ROBERT L. MANGUSO, Medical Doctor,
TIMOTHY R. BROWN, Medical Doctor, and
CORRECTIONAL HEALTH PARTNERS, Insurer, and
DOE 1, Correctional Officer,

    Defendants.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Order and Recommendation of United States Magistrate Judge Kristen L. Mix ("the recommendation") filed on November 3, 2020 [Docket No. 285]. Magistrate Judge Mix recommends that the Court deny plaintiff's Motion Requesting Both Subpoena Duces Tecum to Be Served by Officers of the Court [Docket No. 280] (the "motion") and dismiss defendant Timothy Brown ("Brown") from the case. Docket No. 285. Plaintiff filed a "motion in opposition" to the recommendation, which the Court construes as a written objection. Docket No. 300.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is timely and specific enough to enable the Court "to focus attention on those issues –

factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiff's *pro se* status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

## I.  BACKGROUND

Plaintiff was a prisoner in the custody of the Colorado Department of Corrections ("CDOC").[1] Plaintiff initiated this lawsuit on January 30, 2018. Docket No. 1. The second amended complaint ("SAC") was filed on August 23, 2018. Docket No. 38. Despite the age of the action, plaintiff has been unable to serve Brown.

On September 28, 2018, a waiver of service was returned executed as to defendants Teddy Laurence ("Laurence"), Robert Manguso ("Manguso"), and Vanessa Carson ("Carson"), but stated that Tejinder Singh ("Singh") and Brown were not CDOC employees and thus CDOC could not waive service on their behalf. Docket No. 43. On November 21, 2018, plaintiff filed a motion requesting that the United States Marshals Service ("USMS") serve Brown at Surgery Specialist of Fremont County, 933A Sell Avenue, Cañon City, Colorado, 81212. Docket No. 64 at 2. On December 18, 2018, the magistrate judge granted the motion and directed service of Brown at the address provided by plaintiff. Docket No. 87 at 2. On May 7, 2019, the summons was returned unexecuted, with notations that "[t]he business at this address has closed" and that "[t]he current whereabout of Timothy Brown [is] unknown." Docket No. 142 at 2.

---

[1] The Court discusses only the facts relevant to the resolution of plaintiff's objections.

On May 9, 2019, the magistrate judge ordered plaintiff to show cause why the magistrate judge should not recommend dismissal of the case against Brown pursuant to Fed. R. Civ. P. 4(m) for failure to provide an address at which to effect service on Brown. Docket No. 147 at 4-5. On August 19, 2019, plaintiff responded to the order to show cause with two "***possible***" addresses for Brown. Docket No. 177 at 6 (emphasis in original). One was a post office box and one was an address in Troy, Missouri. *Id.* Because Fed. R. Civ. P. 4(e)(2) and Colo. R. Civ. P. 4(e) do not permit service by mailing to or leaving documents at a post office box, on November 13, 2019 the magistrate judge directed the USMS to attempt to serve Brown "one last time" at the Troy, Missouri address. Docket No. 208 at 5.

Service was effectuated on a Timothy Brown in Troy, Missouri on January 28, 2020, but, for unknown reasons, the return of service was not docketed until July 2, 2020. Docket No. 244. Based on subsequent information, the magistrate judge concluded that the Timothy Brown served in Troy, Missouri was not the Timothy Brown named in this lawsuit. Docket No. 278 at 3. On August 10, 2020, plaintiff filed a motion for an extension of time to serve Brown and stated that he could only obtain the correct service information by serving subpoenas duces tecum on third parties Physician Health Partners ("PHP") and the Colorado Department of Records ("DORA"). Docket No. 257 at 2. On October 9, 2020, the magistrate judge granted plaintiff's motion to the extent she ordered him to complete two subpoenas duces tecum and submit them to the Court along with a motion seeking service by the USMS. Docket No. 278 at 5.

The Court docketed a motion seeking service of the subpoenas duces tecum on October 29, 2020. Docket No. 280. On October 30, 2020, defendants Carson,

Laurence, and Manguso filed a response opposing issuance of the subpoena duces tecum to DORA by noting that DORA has a publicly available "License Lookup" tool that listed the 933A Sell Avenue, Canon City, Colorado 81212 address at which service of Brown had already been attempted. Docket No. 283 at 1-2. Also on October 30, 2020, defendant Correctional Health Partners ("CHP") filed a response stating that it had contacted PHP and that neither PHP nor CHP had an address for Brown. Docket No. 282 at 2. Based on this information, the magistrate judge concluded that the subpoenas duces tecum would be an undue burden on DORA and PHP and denied plaintiff's motion to issue the subpoenas duces tecum. Docket No. 285 at 5-6. The magistrate judge then recommended that, because plaintiff had not provided an address at which to serve Brown, the Court dismiss Brown from the lawsuit without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *Id*. at 6. On January 14, 2021, plaintiff filed a motion in opposition to the magistrate judge's recommendation. Docket No. 300.

## II. ANALYSIS

### A. Timeliness

The Tenth Circuit has held that "objections to [a] magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *2121 East 30th St.*, 73 F.3d at 1060. The magistrate judge's recommendation was filed on November 3, 2020, making any objection due on November 20, 2020.[2] Docket No. 285 at 11. Plaintiff filed a motion for a forty-five day

---

[2] Under Fed. R. Civ. P. 5(b)(2)(C), when service of a paper is by mail, service is completed upon mailing. When a party must act within a specified time after being served and service is made by mail, three days are added after the period would otherwise expire. Fed. R. Civ. P. 6(d). However, this additional three days for the initial

4

extension of time, which the Court granted in part, making his objections due on or before December 11, 2020. Docket No. 289. Plaintiff filed another motion for a forty-five day extension of time, which the Court again granted in part. Docket No. 294. The Court ordered plaintiff's objections due on or before January 1, 2021, and advised plaintiff that "the Court will not grant any additional extensions of time." *Id.* Plaintiff filed both a "Motion in Opposition" to the recommendation, Docket No. 300, and a "Declaration . . . In Support of Motion in Opposition." Docket No. 296. The Court docketed the declaration on January 7, 2021 and the motion in opposition, which the Court will construe as an objection, on January 14, 2021. Docket Nos. 296, 300.

Plaintiff's objections were filed after January 1, 2021, and are thus untimely unless they were mailed in compliance with the prison mailbox rule. The prison mailbox rule states that a document is considered timely if given to prison officials prior to the filing deadline, regardless of when the Court receives the documents. *Price v. Philpot*, 420 F.3d 1158, 1164-67 (10th Cir. 2005)*; see also Green v. Snyder*, 525 F. App'x. 726, 729 (10th Cir. 2013) (unpublished) (finding objections untimely where the prisoner's certificate of mailing did not comply with the prison mailbox rule). To gain the benefit of the prison mailbox rule, a party must either (1) use the legal mail system or (2) attach a notarized statement or a declaration compliant with 28 U.S.C. § 1746 stating the date the filing was given to prison officials and stating that the filing had pre-paid, first-class postage. *Philpot*, 420 F.3d at 1166.

---

objection period is immaterial because the Court granted plaintiff two extensions of time and ordered any objections due on a specific date. *See* Docket Nos. 289, 294.

The declaration is dated December 10, 2020; however, the envelope is marked as being received by the Colorado Territorial Correctional Facility, the prison where plaintiff is incarcerated, on January 4, 2021. Docket No. 296 at 4-5. The envelope is postmarked January 5, 2021. *Id.* at 5. Plaintiff's objection is dated January 3, 2021. Docket No. 300 at 10. Therefore, both the declaration and objection were given to prison officials after the January 1, 2021 deadline, and are thus untimely.

### B. Firm Waiver Rule

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008). "The failure to timely object to a magistrate's recommendations waives appellate review of both factual and legal questions." *Id*. However, "the firm waiver rule does not apply (1) when a pro se litigant was not notified 'of the time period for objecting and the consequences of failing to object,' (2) 'when the interests of justice warrant,' or (3) when the party that failed to object 'makes the onerous showing required to demonstrate plain error.'" *Schupper v. Cafasso*, 708 F. App'x 943, 946 (10th Cir. 2017) (unpublished) (quoting *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006)). The Court next considers whether to not apply the firm waiver rule under this standard.

#### *1. Notification of Time Period to Object*

The recommendation advised plaintiff of the deadline to respond and informed plaintiff that a failure to timely object would waive de novo review of the recommendation. Docket No. 285 at 11. The Court granted plaintiff two extensions of time and advised him that it would not grant another. Docket Nos. 289, 294. Thus,

because plaintiff was advised of the consequences of filing his objections late, the first exception to the firm waiver rule does not apply so as to require de novo review.

### 2. *Interests of Justice*

When considering whether the interests of justice warrant review, the Tenth Circuit considers "a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1120 (10th Cir. 2005). Plaintiff does not explain what caused the delay in filing his objection, detail his efforts to comply with the objection deadline, or request an additional extension of time to object to the magistrate judge's recommendation. *See generally* Docket Nos. 296, 300. It appears that plaintiff wrote his declaration on December 10, 2020, but did not mail it until the deadline had passed. *See* Docket No. 296 at 4-5. Therefore, the first two considerations weigh in favor of the firm waiver rule.

The Tenth Circuit has noted that "[i]n many respects, the interests of justice analysis we have developed, which expressly includes review of a litigant's unobjected-to substantive claims on the merits, is similar to reviewing for plain error." *Duffield*, 545 F.3d at 1238 (quoting *Morales-Fernandez*, 418 F.3d at 1120). Therefore, the Court will consider the importance of the issues raised in the context of determining whether the magistrate judge committed plain error. *See Craighead v. Bear*, 717 F. App'x 815, 819 (10th Cir. 2017) (unpublished) (noting that the "importance of the issue raised" is determined by an analysis similar to plain error review).

### 3. Plain Error

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Morales-Fernandez*, 418 F.3d at 1122-23 (quotation omitted). "To be plain, the error must be clear or obvious under current, well-settled law of either the Supreme Court or [the Tenth Circuit]." *Fed. Deposit Ins. Corp. v. Kan. Bankers Sur. Co.*, 840 F.3d 1167, 1172 (10th Cir. 2016).

Plaintiff's motion requests that the Court issue subpoenas duces tecum to DORA and PHP. Docket No. 280 at 1. Plaintiff objects to the magistrate judge's recommendation on the following grounds: (1) the magistrate judge's factual recitation was incomplete, (2) plaintiff has demonstrated a clear, non-discretionary right to the issuance of the subpoenas, and (3) defendant Brown should not be dismissed from the lawsuit.

### a. Factual Background

Plaintiff argues that the factual recitation in the recommendation was incomplete because (i) defendants waived the right to object to issuance of the subpoenas by not responding to plaintiff's earlier motion for extension of time to effectuate service, and (ii) plaintiff requested early discovery from the CDOC and Surgery Specialist of Fremont County. Docket No. 300 at 3. Plaintiff argues that because he filed a motion for an extension of time to serve Brown and defendants did not respond to this motion, they waived the right to respond to a later motion. *Id*. Plaintiff filed a motion for an extension of time in which to serve Brown, which stated that he would only be able to obtain the correct service information by serving subpoenas duces tecum on the non-parties PHP

8

and DORA.  Docket No. 257 at 2.  Defendants did not respond to this motion and the magistrate judge granted it, ordering the Clerk of Court to mail two signed but otherwise blank subpoenas to plaintiff and ordering plaintiff to complete the blank subpoenas and file them "*along with a motion seeking service* by the United States Marshals Service."  Docket No. 278 at 4.

Defendants CHP, Carson, Laurence, and Manguso filed responses to plaintiff's subsequently filed motion seeking service by the USMS, wherein they argued that the DORA website provided an address for Brown that the USMS had already attempted to effectuate service at, Docket No. 283 at 1-2, and CHP had contacted PHP and that neither CHP nor PHP had a personal address for Brown.  Docket No. 282 at 2.

The Court finds that the magistrate judge's consideration of these responses was not plain error.  The magistrate judge specifically instructed plaintiff to file a motion seeking service by the USMS, and defendants were permitted to respond to the motion.[3]  *See* D.C.COLO.LCivR 7.1(d) (responding party has 21 days after service of a motion to file a response).  Therefore, the Court will overrule this objection.

### b.  Right to Issuance of Subpoena

Plaintiff argues that the magistrate judge committed error by entering a recommendation on his motion before permitting him the time to file a reply.  Docket No. 300 at 5.  Under D.C.COLO.LCivR 7.1(d), while a moving party may file a reply within 14 days of a response to a motion, "[n]othing in this rule precludes a judicial officer from

---

[3] Plaintiff also states that he requested early discovery from CDOC and Surgery Specialist of Fremont County LLC for Brown's address and the magistrate judge denied this motion.  Docket No. 300 at 3.  Plaintiff does not explain how omitting this from the magistrate judge's recitation of the factual history of the case caused any error.

ruling on a motion at any time after it is filed." Plaintiff further rehashes his objection that defendants waived the right to object to service of the subpoenas, Docket No. 300 at 5, which the Court has overruled. Therefore, the Court overrules plaintiff's objection that the magistrate judge erred by entering a recommendation before plaintiff filed a reply.

Plaintiff argues that he has a clear, non-discretionary right to the issuance of the subpoenas under Fed. R. Civ. P. 45. *Id.* Plaintiff objects that the requested home address would be listed on Brown's "medical license application" and "credentialing application packet," and the Colorado Attorney General's Office would have known that DORA possesses this information. *Id.* at 7. While plaintiff contends that DORA would have an address for Brown, he presents no evidence for this, *id.*, and, as the magistrate judge noted, "there is no indication that a subpoena duces tecum issued to DORA would provide any additional information." Docket No. 285 at 5. Even if the Court found the magistrate judge's decision to deny the subpoena to be in error, it was not "plain" and did not "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Morales-Fernandez*, 418 F.3d at 1122-23. Therefore, the Court overrules this objection.

Plaintiff additionally argues that CHP shares a network with CDOC that lists Brown's address, and states that this address is 1335 Phay Avenue, Suite D, Cañon City, Colorado 81212. Docket No. 300 at 7. Plaintiff does not argue that CDOC has any other addresses for Brown. *See id.* Therefore, the issuance of a subpoena to CDOC, when plaintiff states that he now possesses the address that CDOC has for

Brown, would be futile. The Court overrules this objection as moot.[4] Therefore, the Court will accept the recommendation of the magistrate judge and deny plaintiff's motion requesting service of the subpoenas by the USMS.

### c. Dismissal of Brown

The magistrate judge recommends that the Court dismiss Brown without prejudice from this lawsuit due to failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Docket No. 285 at 7. However, because plaintiff's claim against Brown may be barred by the statute of limitations, a dismissal without prejudice may have the same effect as a dismissal with prejudice. *Id.* Under Rule 41(b), a court may *sua sponte* dismiss a case for failure to prosecute. *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007). In recommending dismissal of Brown, the magistrate judge considered:

> (1) the degree of actual prejudice to the defendant[s]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Docket No. 285 at 7 (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

---

[4] In his objection, Docket No. 300 at 8, plaintiff also asks the Court, in the alternative, to grant his Motion Requesting USMS to Effect Service of Process on Timothy Roland Brown and Request Contact Information. Docket No. 301. The magistrate judge denied that motion, Docket No. 308, which plaintiff filed the same day as his objection, in light of her recommendation to dismiss Brown. Plaintiff did not object to that ruling, which is dispositive of plaintiff's request here. The Court therefore rejects this alternative ground.

Plaintiff argues that dismissal is inappropriate because (1) defendants were not prejudiced, (2) the magistrate judge did not adequately consider the difficulties in locating an address for Brown when determining that the effective administration of justice weighed in favor of dismissal, (3) plaintiff has now located an address for Brown and should be granted "one last opportunity to serve him," and (4) the magistrate judge's statement that plaintiff was warned multiple times that the failure to effectuate service would lead to dismissal of Brown is misleading because the magistrate judge granted plaintiff an extension to serve Brown.  Docket No. 300 at 8-10.

None of these arguments demonstrate plain error in the magistrate judge's recommendation.  Plaintiff argues that any prejudice to defendants was "self-inflicted" because CDOC told the USMS that CDOC did not have an address for Brown when CDOC in fact had one.  Docket No. 300 at 8-9.  CHP states that neither CHP nor PHP possess a personal address for Brown.  Docket No. 282 at 2.  As plaintiff notes, CDOC is a non-party, Docket No. 300 at 8, and the magistrate judge has already denied plaintiff's request for discovery from CDOC on Brown's address because the magistrate judge was unaware of any authority to require a non-party to produce an address solely so a plaintiff could effectuate service and because CDOC already voluntarily provided the information it possessed about Brown.  Docket No. 147 at 4.  Therefore, the Court finds no error in the magistrate judge's conclusion that defendants have been prejudiced by plaintiff's failure to effectuate service on Brown.

Plaintiff argues that the delay has not interfered with the prompt administration of justice, but raises no specific argument that would support finding plain error in the magistrate judge's conclusion to the contrary.  See Docket No. 300 at 9.  Similarly,

plaintiff argues that the magistrate judge did not properly consider the difficulties an incarcerated person has effectuating service, *see id.*, but the magistrate judge clearly considered the multiple attempts plaintiff had made to supply a correct address for Brown and the Court finds no plain error.  Docket No. 285 at 9.[5]

Plaintiff argues that "the culpability of the litigant" weighs against dismissal because he has now located a business address for Brown.[6]  Docket No. 300 at 10.  The magistrate judge found that, though plaintiff clearly worked hard to find an address at which to serve Brown, plaintiff was ultimately culpable for failing to provide one, and thus that this factor weighs in favor of dismissal of Brown.  Docket No. 285 at 9.  Plaintiff states that the address he has for Brown is where Brown "move[d] his medical practice."  Docket No. 300 at 9-10.  Plaintiff does not indicate why he was unable to find this address earlier in the course of litigation, besides saying that "the internet [gave plaintiff] out-dated information."  *Id.* at 10.  Even assuming plaintiff has now identified a correct address for Brown, he is still culpable for not finding a valid address until almost three years into the litigation.  *Compare* Docket No. 1 (complaint filed January 30, 2018), *with* Docket No. 296 (stating that plaintiff identified address for Brown on December 10, 2020).  While the Court recognizes that there is an unexplained six month gap between when service was executed on Timothy Brown in Troy, Missouri and returned for docketing, Docket No. 244, even excluding this gap plaintiff has been unable to locate

---

[5] Plaintiff states that he was released on July 29, 2021.  *See* Docket No. 329 at 1.

[6] Plaintiff states at various points that he secured a business address for Brown from (1) Neil A. Bourjaily, a physician's assistant using the CTCF computer system, Docket No. 300 at 7; (2) Michkesha Wells, his son's mother, Docket No. 296 at 2; and (3) the website centura.org, Docket No. 300 at 9-10.

13

an address for Brown for two and a half years. The Court thus finds no plain error in the magistrate judge's conclusion that the culpability of plaintiff weighed in favor of dismissal, and overrules plaintiff's objection that a newly located address for Brown changes this calculus.

Plaintiff's final objection is that the magistrate judge's statement that plaintiff was warned multiple times that the failure to provide an address to serve Brown would result in a recommendation to dismiss Brown is misleading because the magistrate judge granted plaintiff an extension of time to serve Brown. Docket No. 300 at 10. The magistrate judge granted plaintiff an extension of time to serve Brown and ordered the Clerk of Court to send plaintiff two signed, but otherwise blank, subpoenas. Docket No. 278 at 5. However, the magistrate judge denied plaintiff's motion for the USMS to serve the subpoenas, Docket No. 285, and the Court has overruled plaintiff's objections to this order. *See supra*. Therefore, the Court finds no plain error in the magistrate judge's finding that plaintiff was warned that failure to provide a correct address would result in a recommendation to dismiss Brown.

The Court finds that plaintiff has not demonstrated plain error in the magistrate judge's recommendation. The Court will therefore enforce the firm waiver rule and accept the recommendation of the magistrate judge.

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Order and Recommendation of United States Magistrate Judge Kristen L. Mix [Docket No. 285] is **ACCEPTED**. It is further

**ORDERED** that Plaintiff's Motion in Opposition to Order and Recommendation [ECF 285] by the United States Magistrate Judge [Docket No. 300], construed as an objection, is **OVERRULED**. It is further

**ORDERED** that plaintiff's claim against defendant Timothy Brown is **DISMISSED without prejudice**. It is further

**ORDERED** that defendant Timothy Brown is **DISMISSED**.

DATED July 15, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge